UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ZAIRA JANETH OLIVAS ONTIVEROS, <br><br> Petitioner <br><br> v. <br><br> OSCAR FERNANDO ORTEGA PINION, <br><br> Respondent. | CASE NO. 3:24-cv-05700-DGE <br><br> ORDER DENYING MOTION TO APPOINT GUARDIAN AD LITEM (DKT. NO. 20) |

    Presently before the Court is Respondent's motion to appoint a Guardian ad Litem. (Dkt. No. 20.) Respondent argues that it is "imperative that a neutral and impartial individual" be appointed to represent the interests of his minor child. (*Id.*) Petitioner argues the Court should deny Respondent's motion because there are no issues before the Court which would benefit from the assistance of a Guardian. (Dkt. No. 24.)

    This matter involves a claim of unlawful retention under the Hague Convention. At its core, the Petition asks the Court to determine whether the minor child was wrongfully retained. The objects of the Hague Convention are: (1) "to secure the prompt return of children wrongfully

ORDER DENYING MOTION TO APPOINT GUARDIAN AD LITEM (DKT. NO. 20) - 1

removed to or retained in any Contracting State," and (2) "to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States." Hague Convention, art. 1; *see also* 22 U.S.C. § 9001(a).

"Although the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986).

"Children are not usually parties to Hague Convention proceedings, though nothing in the Convention expressly prohibits a court from allowing children to intervene." *Sanchez v. R.G.L.*, 761 F.3d 495, 508 (5th Cir. 2014). "District courts have sometimes allowed children to participate through *guardians ad litem* when their interests were not adequately represented by either party." *Id.* "Granting the children representation in appropriate situations is consistent with the Supreme Court's view that 'courts can achieve the ends of the [Hague] Convention and ICARA—and protect the well-being of the affected children—through the familiar judicial tools . . .'" *Id.* (quoting *Chafin v. Chafin*, 568 U.S. 165, 178 (2013)).

While the Court has the authority to appoint a Guardian ad Litem, there is no indication that the child's interests are not being adequately represented, nor does the Court find that a Guardian would be useful or necessary in determining whether the minor child was wrongfully retained. *See Mahjoubi v. Roper*, Case No. 6:24-cv-01358-AA, 2024 WL 4678542 at *2 (D. Or. Nov. 5, 2024). Accordingly, Respondent's motion for appointment of a Guardian ad Litem (Dkt. No. 20) is DENIED.

Dated this 2nd day of January, 2025.

David G. Estudillo
United States District Judge

ORDER DENYING MOTION TO APPOINT GUARDIAN AD LITEM (DKT. NO. 20) - 3